UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
MELVA NANDIA VALENCIA ZAFRA,

                Plaintiff,

  -against-

UNITED STATES OF AMERICA, UNITED
STATES POSTAL SERVICE, **ADRIAN JENSEN, SIXTO
T. OTANO, ROSA B. DIAZOYOLA, SARAH L. DOWNS**
and **RANDY C. DOWNS**

                Defendants.
------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Civil No.:

PLEASE TAKE NOTICE, that Plaintiff, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, with offices at 32 Old Slip, 8th Floor, New York, New York 10005, complaining of the Defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This action arises in part under the Federal Tort Claims Act, 28 U.S.C. Section§ 2671, et seq. to hold Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE accountable for their negligence, carelessness, and recklessness in the ownership and operation of a certain motor vehicle that struck a vehicle occupied by Plaintiff MELVA NANDIA VALENCIA ZAFRA on Interstate 195 eastbound at or near milepost 1.20, Hamilton Township, Mercer County State of New Jersey, on or about November 2, 2020, resulting in serious and permanent personal injuries and damages to the Plaintiff MELVA NANDIA VALENCIA ZAFRA.

1

2. This action also arises in part from defendants ADRIAN JENSEN, SIXTO T. OTANO, ROSA B. DIAZOYOLA, SARAH L. DOWNS and RANDY C. DOWNS's reckless and negligent ownership, operation, management, maintenance, care and control of their motor vehicles that caused severe, substantial and permanent personal injuries to the Plaintiff.

## JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. 1326(b), which provides that the United States District Courts have exclusive jurisdiction of civil actions on claims against The United States of America and The United States Postal Service for personal injuries and damage to property.

4. Venue is properly within this District under 28 U.S.C § 1402(b) because the cause of action arose in the District of the New Jersey and Plaintiff resides within this District.

## THE PARTIES

5. At all times herein mentioned, the Plaintiff MELVA NANDIA VALENCIA ZAFRA was and still is a resident of the County of Mercer, State of New Jersey.

6. At all times herein mentioned, Defendant UNITED STATES OF AMERICA was and still is a federal agency which comes under the provision of the Federal Tort Claims Act.

7. At all times hereinafter mentioned, Defendant UNITED STATES POSTAL SERVICE, was and still is a United States Federal Agency and business entity duly organized, formed and existing under the laws of the UNITED STATES OF AMERICA and an independent establishment of the executive branch of the Government of the United States as a quasi-government agency.

8. That, upon information and belief, at all times hereinafter mentioned, the United States Postal Service was and still is an agency and/or department of the Defendant, the UNITED STATES OF AMERICA.

9. At all times hereinafter mentioned, Defendant ADRIAN JENSEN was and still is a resident of the County of Ocean , State of New Jersey.

10. At all times hereinafter mentioned, Defendant ADRIAN JENSEN was an employee of Defendant UNITED STATES POSTAL SERVICE.

11. That at all times herein mentioned, Defendant **SIXTO T. OTANO** was and still is a resident of the County of Mercer, State of New Jersey.

12. That at all times herein mentioned, Defendant **ROSA B. DIAZAYOLA** was and still is a resident of the County of Mercer, State of New Jersey

13. That at all times herein mentioned, Defendant **SARAH L. DOWNS** was and still is a resident of the County of Mercer, State of New Jersey.

14. That at all times herein mentioned, Defendant **RANDY C. DOWNS** was and still is a resident of the County of Mercer, State of New Jersey

## CONDITIONS PRECEDENT

15. On or about January 11, 2021, Plaintiff served upon the Defendant, UNITED STATES POSTAL SERVICE, a sworn Claim for Damage, Injury or Death (Standard Form 95) pursuant to the provisions of Federal Tort Claims Act, containing all of the information required by statute, which states, *inter alia*, the appropriate federal agency, Plaintiff's date of

birth, the time and place of where the injuries and damages were sustained, together with Plaintiff's demands for adjustments thereof. See **Exhibit "1".**

16. More than six (6) months from the date of service of said Claim for Damage, Injury or Death has passed and the Defendants have failed to adjudicate and/or make any adjustments or payments thereof, and pursuant to 28 U.S.C. § 2675(a), Plaintiff elects to consider such failure to act as a final denial of the claim.

17. That on November 15, 2021, Plaintiff MELVA NANDIA VALENCIA ZAFRA did serve a certification of permanency, certified by Dr. Howard Sharf, M.D., on all parties. See **Exhibit "2".**

18. Plaintiff MELVA NANDIA VALENCIA ZAFRA has exhausted all of her administrative remedies in this matter.

19. All conditions precedent to this action have been performed or have occurred.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE PURSUANT TO THE FEDERAL TORT CLAIMS ACT

20. At all times hereinafter mentioned, the Defendant, UNITED STATES OF AMERICA, was the owner of a certain 2020 Grumman motor vehicle.

21. At all times hereinafter mentioned, the Defendant, UNITED STATES POSTAL SERVICE, was the owner of a certain white 2020 truck.

22. At all times hereinafter mentioned, the aforementioned white 2020 truck vehicle was used by employees of the Defendant, the UNITED STATES OF AMERICA, in the course of and within the scope of their employment.

23. At all times hereinafter mentioned, the aforementioned white 2020 truck was used by employees of the Defendant, the UNITED STATES POSTAL SERVICE, in the course of and within the scope of their employment.

24. At all times hereinafter mentioned and on November 2, 2020, Defendant, ADRIAN JENSEN, was the operator of the aforementioned white 2020 truck.

25. Upon information and belief, at all times hereinafter mentioned and on November 2, 2020, Defendant ADRIAN JENSEN, was and still is, an employee of Defendant UNITED STATES POSTAL SERVICE.

26. Upon information and belief, at all times hereinafter mentioned and on November 2, 2020, ADRIAN JENSEN, operated the aforementioned white 2020 truck in the course of, and within the scope of, his employment by Defendant UNITED STATES POSTAL SERVICE.

27. Upon information and belief, at all times hereinafter mentioned and on November 2, 2020, ADRIAN JENSEN, operated the aforementioned white 2020 truck with the permission and consent of its owner, Defendant UNITED STATES OF AMERICA.

28. Upon information and belief, at all times hereinafter mentioned and on November 2, 2020, ADRIAN JENSEN, operated the aforementioned white 2020 truck with the permission and consent of its owner, Defendant UNITED STATES POSTAL SERVICE.

29. At all times hereinafter mentioned and on November 2, 2020, Plaintiff MELVA NANDIA VALENCIA ZAFRA, was the passenger of a certain 2012 Honda CRV motor vehicle bearing New Jersey State license plate number J80MVY.

30. At all times hereinafter mentioned and on November 2, 2020, Plaintiff MELVA NANDIA VALENCIA ZAFRA, was the passenger of a certain 2012 Honda CRV motor vehicle bearing

New Jersey State license plate number J80MVY owned by Defendant ROSA B DIAZOYOLA.

31. At all times hereinafter mentioned and on November 2, 2020, Plaintiff MELVA NANDIA VALENCIA ZAFRA, was the passenger of a certain 2012 Honda CRV motor vehicle bearing New Jersey State license plate number J80MVY owned by Defendant ROSA B RIAZOYOLA and operated by Defendant SIXTO T OTANO.

32. At all times hereinafter mentioned, Interstate 195 eastbound at approximately Milepost 1.20, Hamilton Township, Mercer County, State of New Jersey, was and still is a public interstate, highway, roadway, street, and/or thoroughfare, and is used as such in common by the public at large.

33. On or about the November 2, 2020, Defendant ADRIAN JENSEN, was operating the aforesaid white 2020 truck at approximately Milepost 1.20, Hamilton Township, Mercer County, State of New Jersey.

34. On or about November 2, 2020, the 2012 Honda CRV motor vehicle Plaintiff was a passenger in collided with the white 2020 United States Postal truck operated by Defendant ADRIAN JENSEN and owned by Defendant, the UNITED STATES OF AMERICA on Interstate 195 eastbound at approximately Milepost 1.20 , Hamilton Township, Mercer County, State of New Jersey

35. On or about November 2, 2020, the vehicle Plaintiff was a passenger in collided with the aforesaid white 2020 United States Postal truck operated by Defendant ADRIAN JENSEN and owned by Defendant, the UNITED STATES POSTAL SERVICE on Interstate 195

eastbound at approximately Milepost 1.20, Hamilton Township, Mercer County, State of New Jersey.

36. The aforesaid collision and resulting injuries sustained by Plaintiff **MELVA NANDIA VALENCIA ZAFRA** was caused by the negligence, carelessness, and recklessness of the Defendants in the ownership, operation, management, repair, control, and supervision of their motor vehicle, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without paying the requisite and proper attention to oncoming traffic at a fast, excessive, and/or greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing and/or at a greater rate of speed so as not to be able to stop, steer and/or avoid the collision.  Defendants were further negligent in failing to use and apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe and abide by the Rules of the Road; in failing to observe and/or abide by posted speed limits; in making an improper and/or unsafe turn; in failing to yield the right of way; in failing to operate their motor vehicle in a safe manner in light of the roadway and traffic conditions then and there existing; in failing to exercise forbearance; in striking Plaintiff's vehicle; in failing to keep a reasonably adequate and proper lookout and /or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid this collision; in failing to keep their vehicle in a safe and operable condition; and in that under all the facts and circumstances herein enumerated, including acts of omission and commission, Defendants were careless, reckless, and negligent.

37. The aforesaid occurrence took place without any negligence on the part of the Plaintiff and occurred solely as a result of the negligence of the Defendants.

38. Solely by reason of the negligence of the Defendants, the Plaintiff, **MELVA NANDIA VALENCIA ZAFRA**, was caused to be and was violently thrown in and about the motor vehicle and against various parts thereof and was caused to sustain serious and severe personal injuries; and that the Plaintiff was rendered sick, sore, lame, and disabled; was caused to suffer, did suffer and, upon information and belief, will continue to suffer great bodily and mental pain; and that plaintiff was compelled to incur divers obligations in an effort to cure herself of said injuries; and upon information and belief, the Plaintiff's injuries are of a permanent nature.

39. As a result of the Defendant's negligence, the Plaintiff sustained a serious injury as defined by New Jersey Statutes Annotated Section 39:6A-8.

40. Defendant UNITED STATES OF AMERICA is vicariously liable for the negligence of its agency UNITED STATES POSTAL SERVICE.

41. Defendant UNITED STATES OF AMERICA is vicariously liable for the negligence of its employee ADRIAN JENSEN.

42. Defendant UNITED STATES POSTAL SERVICE is vicariously liable for the negligence of its employee ADRIAN JENSEN.

43. By reason of the foregoing, the Plaintiff, MELVA NANDIA VALENCIA ZAFRA, has sustained damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENCE

44. That at all times herein mentioned, and on November 2, 2020, Defendant **ROSA B. DIAZOYOLA** was the owner a 2012 HONDA CRV motor vehicle with New Jersey State license plate number J80MVY.

45. That at all times herein mentioned, and on November 2, 2020, Defendant **RANDY C.**

**DOWNS** was the owner a 2013 Nissan motor vehicle with New Jersey State license plate number F26GTE.

46. That at all times herein mentioned, and on November 2, 2020, Plaintiff **MELVA NIDIA VALENCIA ZAFRA** was a passenger in 2012 HONDA CRV motor vehicle with New Jersey State license plate number J80MVY.

47. That at all times herein mentioned, and on November 2, 2020, Plaintiff **MELVA NIDIA VALENCIA ZAFRA** was a passenger in 2012 HONDA CRV motor vehicle with New Jersey State license plate number J80MVY owned by Defendant **ROSA B. DIAZOYOLA** and operated by Defendant **SIXTO T. OTANO**.

48. That at all times herein mentioned, and on or prior to November 2, 2020 Defendant **ROSA B. DIAZOYOLA** entrusted a 2012 HONDA CRV motor vehicle bearing New Jersey State license plate numberJ80MVY to the control of Defendant **SIXTO T. OTANO.**

49. That at all times herein mentioned, and on or prior to November 2, 2020 Defendant **RANDY C. DOWNS** entrusted a 2013 Nissan motor vehicle bearing New Jersey State license plate number F26GTE to the control of Defendant **SARAH L. DOWNS.**

50. That at all times herein mentioned, and on November 2, 2020, defendant **SIXTO T. OTANO,** operated the aforementioned 2012 HONDA CRV motor vehicle bearing New Jersey State license plate number J80MVY with permission and consent from Defendant **ROSA B. DIAZOYOLA .**

51. That at all times herein mentioned, and on November 2, 2020, defendant **SARAH L. DOWNS** operated the aforementioned 2013 Nissan motor vehicle bearing New Jersey State license plate number F26GTE with permission and consent from Defendant **RANDY      C.**

**DOWNS.**

52. At all times hereinafter mentioned, Interstate 195 eastbound at approximately Milepost 1.20, Hamilton Township, Mercer County, State of New Jersey, was and still is a public interstate, highway, roadway, street, and/or thoroughfare, and is used as such in common by the public at large.

53. That on or about November 2, 2020, at or near Interstate 195 eastbound at approximately Milepost 1.20, Hamilton Township, Mercer County, State of New Jersey, the 2012 Honda CRV motor vehicle operated by defendant **SIXTO T OTANO,** came in contact with the white 2020 United States Postal truck operated by defendant and **ADRIAN JENSEN** and the 2013 Nissan motor vehicle bearing New Jersey State license plate number F26GTE operated by defendant **SARAH L. DOWNS.**

54. That on or about November 2, 2020, at or near Interstate 195 eastbound at approximately Milepost 1.20, Hamilton Township, Mercer County, State of New Jersey, the 2012 HONDA CRV motor vehicle controlled by defendant **ROSA B. DIAZOYOLA** and operated by Defendant **SIXTO T. OTANO,** wherein Plaintiff **MELVA NIDIA VALENCIA ZAFRA** was a passenger, came in contact with the white 2020 United States Postal truck owned by defendant UNITED STATES OF AMERICA and operated by defendant and **ADRIAN JENSEN** and the 2013 Nissan motor vehicle bearing New Jersey State license plate number F26GTE owned by defendant **RANDY C. DOWNS** and operated by defendant **SARAH L. DOWNS.**

55. That the motor vehicle collision occurred without any fault or negligence on the part of Plaintiff **MELVA NIDIA VALENCIA ZAFRA** contributing thereto and was caused solely

10

and wholly by the defendants' negligence.

56. The aforesaid collision and resulting injuries sustained by Plaintiff **MELVA NANDIA VALENCIA ZAFRA** was caused by the negligence, carelessness, and recklessness of the Defendants in the ownership, operation, management, repair, control, and supervision of their motor vehicle, in that they caused, permitted and allowed their motor vehicle to be operated over and along a public roadway without paying the requisite and proper attention to oncoming traffic at a fast, excessive, and/or greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing and/or at a greater rate of speed so as not to be able to stop, steer and/or avoid the collision.  Defendants were further negligent in failing to use and apply adequate and proper brakes, steering and signaling mechanisms; in failing to observe and abide by the Rules of the Road; in failing to observe and/or abide by posted speed limits; in making an improper and/or unsafe turn; in failing to yield the right of way; in failing to operate their motor vehicle in a safe manner in light of the roadway and traffic conditions then and there existing; in failing to exercise forbearance; in striking Plaintiff's vehicle; in failing to keep a reasonably adequate and proper lookout and /or to be reasonably alert at all times; in failing to stop, slow down, steer or veer so as to avoid this collision; in failing to keep their vehicle in a safe and operable condition; and in that under all the facts and circumstances herein enumerated, including acts of omission and commission, Defendants were careless, reckless, and negligent.

57. That as a result of the collision, Plaintiff **MELVA NIDIA VALENCIA ZAFRA** was caused to sustain serious, severe and permanent and personal injuries and damages.

58. As a result of the Defendant's negligence, the Plaintiff sustained a serious injury as defined by New Jersey Statutes Annotated Section 39:6A-8.

59. That by reason of the wrongful acts and omissions on the part of the defendants as aforesaid, Plaintiff **MELVA NIDIA VALENCIA ZAFRA** has suffered and will continue to suffer, pain and agony in mind and body and was unable to attend to her duties and suffered diverse obligations and special damages, and property damage, all to his damage in the sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully demands judgment against the Defendants as follows:

In the first, second and third causes of action, judgment in favor of Plaintiff, MELVA NANDIA VALENCIA ZAFRA, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

All together with costs and disbursements of this action, and any other relief this Court deems just and proper.

Dated: New York, New York
          November 12, 2021

Yours, etc.,
THE LAW OFFICES OF MICHAEL S. LAMONSOFF

By:  /s

**Jason Lesnevec**
Attorney for Plaintiff
 MELVA NANDIA VALENCIA ZAFRA
32 Old Slip
New York, New York 10005
(212) 962-1020

**ATTORNEY'S VERIFICATION**

JASON LESNEVEC, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:   I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys of record for Plaintiff, MELVA NANDIA VALENCIA ZAFRA.  I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:   New York, New York
         November 12, 2021

                                                      /s
                                         JASON LESNEVEC, ESQ